UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOHC, INC., a Delaware corporation<br><br>                            Plaintiff,<br><br>                -against-<br><br>ZENTIS SWEET OVATIONS HOLDING LLC (f/k/a ZENTIS FOOD SOLUTIONS NORTH AMERICA LLC), An Indiana limited liability company<br><br>                            Defendant. | Civ. Case No. 14 CV 2270 (JMF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR RECONSIDERATION**

KAYE SCHOLER LLP
James D. Herschlein
Michael L. Gruver

250 West 55th Street
New York, New York 10019-9710
(212) 836-8000

*Attorneys for Defendant*

November 19, 2014

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARD.................................................................................................................. 2

ARGUMENT ................................................................................................................................ 3

CONCLUSION............................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cioce v. County of Westchester*,
  2006 WL 692022 (S.D.N.Y. Mar. 14, 2006) ................................................................................2

*Dietrich v. Bauer*,
  76 F. Supp. 2d 312 (S.D.N.Y. 1999) ..........................................................................................2

*Foutty v. Equifax Services, Inc.*,
  764 F. Supp. 621 (D. Kan. 1991) ...............................................................................................7

*Gregg v. American Quasar Petroleum Co.*,
  840 F. Supp. 1394 (D. Colo. 1991) ............................................................................................7

*In re Beacon Assoc. Litigation*,
  818 F. Supp. 2d 697, 704-705 (S.D.N.Y. 2011). ........................................................................7

*Lumbermens Mutual Casualty Co. v. Broadspire Management Services Inc.*,
  623 F.3d 476 (7th Cir. 2010) ............................................................................................5, 6, 7

*Medisim Ltd. v. BestMed LLC*,
  2012 WL 1450420 (S.D.N.Y. Apr. 23, 2012) ...........................................................................2

*Morales v. Quintiles Transnational Corp.*,
  25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998). .................................................................................6

*Oriental Republic of Uruguay v. Chemical Overseas Holdings, Inc.*
  2006 WL 164967 (S.D.N.Y. January 24, 2006). .......................................................................4

*Paine Webber, Inc. v. Bybyk*,
  81 F.3d 1193 (2d Cir. 1996) .......................................................................................................4

*Parrish v. Sollecito*,
  253 F. Supp. 2d 713, 714 (S.D.N.Y. 2003) ................................................................................2

*Shaw Group Inc. v. Triplefine Int'l Corp.*,
  322 F.3d 115 (2d Cir. 2003) .......................................................................................................4

*Tolin v. Ambac Fin. Group, Inc.*,
  2010 WL 431971 (S.D.N.Y. Feb. 5, 2010). ...............................................................................7

## STATUTES AND RULES

Fed. R. Civ. P. 59……………………………………………………………………………..1,2

Local Rules for S.D.N.Y. & E.D.N.Y. 6.3……………………………………………………1,2

Defendant Zentis Sweet Ovations Holding LLC, f/k/a Zentis Food Solutions North America LLC ("Zentis") moves pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 for reconsideration of the Court's Opinion and Order entered November 4, 2014 (the "Order"), granting Plaintiff SOHC, Inc.'s ("SOHC") Motion to Compel Arbitration.

## PRELIMINARY STATEMENT

Zentis respectfully seeks reconsideration, and to alter or amend the Court's judgment, on the grounds that the Court should not have answered the question "who should decide whether SOHC complied with the notice requirements," because this question was not before the Court (Order at 1).[1]  Rather, the issue before the Court was *who should decide which arbitrator should decide* if SOHC's notice was adequate.  Resolving the dispute as to which arbitrator should rule on the adequacy of SOHC's notice is a task clearly committed to the International Chamber of Commerce (the "ICC"), whom the parties identified as responsible for

---

[1] This dispute arises out of an agreement executed between Zentis and SOHC on October 1, 2012, by which SOHC sold its food processing business to Zentis.  As part of this contract, the parties agreed to submit "any dispute or controversy arising out of or in connection with this Agreement" to arbitration before the ICC, pursuant to ICC rules of arbitration.  (Decl. Judith A. Archer Supp. Defs.' Mot. To Dismiss (Docket No. 25) ("Archer Decl."), Ex. A at 5).  In a separate section of the Agreement, the parties resolved that specific disputes regarding a "Working Capital Adjustment" and "Earnout" could be settled via submissions to a specific accounting firm, provided that each party complied with certain notice requirements.  (Archer Decl., Ex. A at 2-3).

Through the instant action, SOHC sought to compel Zentis to arbitrate Working Capital and Earnout disputes before the accounting firm.  Zentis opposed by arguing, in part, that SOHC was not entitled to an accounting review because it failed to comply with the notice requirements in the Agreement.  In its Order, the Court characterized this dispute as one over which arbitrator should rule on the adequacy of SOHC's notice. (Order at 1). Ultimately, the Court determined that the dispute was procedural in nature and thus properly decided by the accounting firm. (Order at 6).

1

resolving "any dispute or controversy arising out of or in connection with" the Interest Purchase Agreement at the center of this dispute (the "Agreement").

Zentis and SOHC dispute which of two possible arbitrators – the ICC or an accounting firm – should decide whether SOHC complied with certain notice requirements under the Agreement or, stated differently, whether that issue is one of arbitrability or is one of a procedural precondition to arbitration. Because that dispute indisputably arises out of the Agreement, it is for the ICC, and not for the Court, to decide whether the issue is one of arbitrability – and thus for the ICC to resolve – or of a procedural precondition – and thus for the accounting firm to decide. When the Court instead answered that question, it substituted itself for the ICC in violation of the Agreement's ICC Arbitration Clause. Under the explicit terms agreed upon by the parties, only the ICC may rule on disputes arising out of or in connection with the Agreement. This means that even the threshold question of who decides the proper arbitrator for a given dispute is tasked to the ICC alone.

In bypassing the ICC, and assigning the dispute over SOHC's notice to the accounting firm, the Court committed clear error. Accordingly, the Court should vacate its Order and issue a new order, directing the parties to proceed to the ICC for a determination of which tribunal, the ICC or the accounting firm, is the proper arbitrator to decide whether SOHC has complied with the notice requirements.

## LEGAL STANDARD

"Motions to alter or amend judgments under [FRCP] 59(e) and for reconsideration under Local Civil Rule 6.3 are evaluated under the same standard." *Cioce v. County of Westchester*, 2006 WL 692022, at *1 (S.D.N.Y. Mar. 14, 2006). The party moving for reconsideration "must demonstrate controlling law or factual matters put before the court on the

2

underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Parrish v. Sollecito*, 253 F.Supp.2d 713, 714 (S.D.N.Y. 2003); see also *Dietrich v. Bauer*, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999) (reconsideration committed to the sound discretion of the district court). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." *Medisim Ltd. v. BestMed LLC*, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012).

## ARGUMENT

The crux of Defendant's argument for reconsideration is that the Court's analysis was premature because it considered the incorrect question. The Agreement between SOHC and Zentis unambiguously states that the ICC is the arbitrator of any and all disputes "arising out of or in connection with" the Agreement. At issue here is one such dispute. The parties seek an answer to the question: "Who is the proper arbitrator to assign the dispute over the adequacy of SOHC's notice?"

The Court erred in framing this dispute as a question of which arbitrator should decide whether SOHC complied with the applicable notice requirements. (Order at 1). While the Court referred to this as the "logically prior question" to whether SOHC actually satisfied the notice requirements, the issue properly before the Court is itself logically prior to the question of which arbitrator should rule on the notice requirements. (*Id.* at 4). The Agreement makes plain that it is for the ICC, and not for the Court, to decide which arbitrator will hear the dispute regarding whether SOHC complied with the notice requirements.

The Court erred in addressing the underlying issue of whether SOHC's compliance with the notice requirements was a procedural issue or a question of arbitrability. Any analysis under the Federal Arbitration Act, or other precedents, was premature and not for

3

the Court to decide.  The issue before the Court was to determine, based on the terms of the Agreement, which arbitrator the parties tasked with addressing a dispute over the adequacy of SOHC's notice.  The correct answer to that question is the ICC, whom the parties agreed would have authority to resolve all disputes, save those that do not arise out of or in connection with the Agreement and save for the very specific accounting disputes enumerated in the Agreement.  The ICC may possibly agree with the Court's substantive analysis and submit the dispute over the adequacy of SOHC's notice to the accounting firm for resolution, but the Agreement is clear that the parties intended for the ICC alone to make that determination.

Courts in the Southern District of New York have previously found that where a contract contains a broad arbitration clause providing that any and all disputes "arising out of or in connection with" the agreement be settled by the ICC under ICC rules of arbitration, this is evidence of the parties' intent to do exactly that.  *Oriental Republic of Uruguay v. Chemical Overseas Holdings, Inc.*, 2006 WL 164967 at *6 (S.D.N.Y. January 24, 2006) ("broad language reflects the parties' intent to arbitrate all disputes relating to the Agreement – including whether the Arbitration Clause reaches a particular merits-related dispute"); see also *Paine Webber, Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir.1996) ("The words 'any and all [disputes]' are elastic enough to encompass disputes over whether a claim…is within the scope of arbitration."). Likewise, in *Shaw Group Inc. v. Triplefine Int'l Corp.*, the Second Circuit held that the incorporation of the ICC Rules sufficiently evidenced the parties' intent to arbitrate questions of arbitrability because "Article 6, section 2, of those rules…specifically provides for the ICA, the arbitral body of the ICC, to address questions of arbitrability, either *sua sponte* before an answer is filed or at the specific request of any party." 322 F.3d 115, 122 (2d Cir.2003).

Defendant's position in this Motion for Reconsideration is consistent with the positions it has taken throughout this dispute, and is not a new argument brought forward for the first time in this pleading. Defendant previously urged the Court to conclude "that the parties in this case intended that the ICC resolve any questions as to the scope of the ICC arbitration clause," making reference to provisions in the ICC's own Rules of Arbitration that call for questions of ICC jurisdiction to be resolved by the ICC itself. (Defs.' Mem. Of Law in Supp. Of Mot. To Dismiss (Docket No. 24) at 15-16). Logically, one question regarding the scope of the ICC arbitration clause is who should assign the arbitrator needed to determine if the ICC's jurisdiction has been properly invoked – meaning in this instance the arbitrator who will ultimately decide whether the dispute presents a procedural question or one of arbitrability. This is a task that the parties unambiguously committed to the ICC – arbitrator of all disputes "arising out of or in connection with" the Agreement – and to no other body.

In its Order, the Court relied heavily on the Seventh Circuit's decision in *Lumbermens Mutual Casualty Co. v. Broadspire Management Services Inc.*, 623 F.3d 476 (7th Cir. 2010) which is characterized as "a case involving the very same issue (yet not cited by either party here)" and later as "directly on point." (Order at 6-7, 9). At least on the part of Zentis, the failure to cite *Lumbermens* was a recognition that *Lumbermens*, although similar, involved a key factual distinction that renders it inapplicable as persuasive authority in this dispute.

Similar to the present suit, *Lumbermens* involved a contract relating to the sale of a business and containing two dispute resolution clauses. *Lumbermens*, 623 F.3d at 477-479. One clause called for disputes regarding the purchase price to be resolved by an accounting firm, while a separate "catch-all" arbitration clause provided for all other disputes to be resolved by a three-arbitrator panel of the International Institute for Conflict Prevention and Resolution. *Id.* at

478-479.  When a dispute emerged regarding the purchase price, plaintiff sought arbitration before the accounting firm, while defendant argued to the district court that the broader arbitration clause applied and, additionally, that plaintiff had failed to provide adequate notice to trigger the more narrow arbitration clause.  *Id*.  The district court ruled for the plaintiff, but on appeal defendant specifically abandoned its argument that the broader arbitration clause applied.  *Id.* at 480 n.4.  Thus, the Seventh Circuit considered only whether the dispute regarding the adequacy of plaintiff's notice was a procedural matter, properly before the accounting firm, or a question of arbitrability for the district court to decide.  *Id.* at 480-481.

The Court's reliance on *Lumbermens* is unwarranted in light of this crucial distinction.  Unlike the defendant in *Lumbermens*, Zentis maintains that the parties intended for all disputes arising out or in connection with the Agreement – including disputes regarding who should decide the proper arbitrator to rule on the adequacy of SOHC's notice – to be decided by the ICC.  This is in stark contrast to *Lumbermens*, where the Seventh Circuit was presented with a dispute over whether it was for the accounting firm or for the court to determine who should rule on the adequacy of the plaintiff's notice, but did not analyze whether a third tribunal was authorized to make that determination pursuant to the catch-all arbitration provision.  Zentis maintains that any analysis of whether SOHC's objections raise procedural issues or questions of arbitrability is premature until the ICC rules on the proper arbitrator to consider those questions.  Thus, while the contracts disputed here and in *Lumbermens* may contain similar provisions, reliance on *Lumbermens* is in error because a different question is before this Court than was before the Seventh Circuit.

A motion for reconsideration should be granted where the court overlooked matters that "might have materially influenced the earlier decision*."  Morales v. Quintiles*

6

*Transnational Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998). This includes instances where a court erred in misapprehending a dispute at the heart of the litigation. See *Tolin v. Ambac Fin. Group, Inc.*, 2010 WL 431971 (S.D.N.Y. Feb. 5, 2010) (reconsideration granted where the court overlooked or misapprehended allegations in complaint); see also *Gregg v. American Quasar Petroleum Co.*, 840 F.Supp. 1394, 1401 (D. Colo. 1991) ("A motion for reconsideration is proper when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension…"); *Foutty v. Equifax Services, Inc.*, 764 F.Supp. 621, 622 (D. Kan. 1991) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position…"). Reconsideration is also properly granted where a court applied the law in error. See *In re Beacon Assoc. Litigation*, 818 F. Supp. 2d 697, 704-705 (S.D.N.Y. 2011) (reconsideration granted where court relied upon precedent to reach a result "in direct conflict with it.").

Both of the above grounds for granting reconsideration are present here. The Court erred in characterizing this as a dispute regarding who should decide whether SOHC provided adequate notice. It is properly a dispute regarding who should decide who gets to decide if SOHC's notice was adequate. Likewise, the Court erred in applying the law when it relied on the *Lumbermens* decision because of the crucial distinction between the instant dispute and that in *Lumbermens*. Accordingly, the Court should vacate its Order and issue a new order, directing the parties to proceed to the ICC for a determination as to the proper arbitrator on issues relating to SOHC's compliance with the notice requirements.

## CONCLUSION

For the foregoing reasons, Zentis' Motion for Reconsideration of the Court's Order entered November 4, 2014 should be granted. The Court should: 1) Vacate its November

Case 1:14-cv-02270-JMF   Document 44   Filed 11/19/14   Page 12 of 12

4, 2014 Order; and 2) Issue a new order denying plaintiff's motion to compel arbitration and directing the parties to proceed with arbitration before the ICC in order to resolve this dispute.

Dated:  New York, New York
        November 19, 2014

                                        Respectfully submitted,

                                        KAYE SCHOLER LLP


                                        By: /s/ James D. Herschlein

                                            James D. Herschlein
                                            Michael L. Gruver

                                        250 West 55th Street
                                        New York, New York 10019-9710
                                        (212) 836-8000

                                        *Attorneys for Defendant*