USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
SOHC, INC.,      :
        :
        Plaintiff,      :    14-CV-2270 (JMF)
        :
    -v-      :    MEMORANDUM OPINION
        :    AND ORDER DENYING
ZENTIS FOOD SOLUTIONS NORTH AMERICA,    :    MOTION FOR
LLC, et al.,      :    RECONSIDERATION
        :
        Defendants.      :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered November 4, 2014, the Court granted Plaintiff SOHC Inc.'s motion to compel arbitration before Deloitte, an accounting firm. (Docket No. 40). On November 19, 2014, after obtaining new counsel, Defendant Zentis Sweet Ovations Holding LLC ("Defendant") submitted a motion for reconsideration of the Opinion and Order. (Docket No. 43). For the reasons explained below, Defendant's motion is denied.

      Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL

1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

In its motion for reconsideration, Defendant argues that the Court "considered the incorrect question . . . in framing th[e] dispute as a question of which arbitrator should decide whether SOHC complied with the applicable notice requirements." (Mem. Law Supp. Def.'s Mot. Reconsideration ("Def.'s Reconsideration Mem.") (Docket No. 44) at 3). But that is exactly the question that the parties briefed. Defendant argued, for example, that, "[i]n light of Second Circuit and New York State case law, as well as the plain language of the parties' agreement and the ICC Rules incorporated into that agreement, the dispute over the sufficiency of Plaintiff's Notices . . . is a dispute that should be resolved pursuant to the ICC Arbitration Clause." (Def.'s Mem. Law Supp. Mot. To Dismiss ("Def.'s Merits Mem.") (Docket No. 24) 18; *see also, e.g.*, *id.* ("The Court must therefore presume that the broad ICC Arbitration Clause reaches the issue of whether Plaintiff fulfilled the relevant conditions precedent . . . "); Def.'s Mem. Law Further Supp. Mot. To Dismiss, Opp'n Pl.'s Mot. To Compel Arbitration & Opp'n Pl.'s Mot. To Redact & Seal (Docket No. 33) 3 ("The resolution of whether SOHC has satisfied the condition precedent to an Accounting review presents a threshold issue of arbitrability that

the parties 'clearly and unmistakably' assigned to the ICC.")).  Now, for the first time — and after retaining new counsel — Defendant contends that the ICC, and not the Court, should decide who has the authority to resolve the notice dispute.  (Def.'s Reconsideration Mem. 3 ("The Agreement makes plain that it is for the ICC, and not for the Court, to decide which arbitrator will hear the dispute regarding whether SOHC complied with the notice requirements.")).  In attempting to prove that its argument is not new, Defendant plucks one sentence out of its memorandum of law (namely, that "the parties in this case intended that the ICC resolve any questions as to the scope of the ICC Arbitration Clause" (Def.'s Merits Mem. 15)), and argues that that sentence "[l]ogically" raises the question of whether the ICC should decide which arbitrator has the power to determine whether Plaintiff was entitled to arbitration before Deloitte.  (Def.'s Reconsideration Mem. 5).  Putting aside that that conclusion is neither logical nor natural, a "single, conclusory, one-sentence argument" is insufficient to raise an issue in the first instance, *Cuoco v. Mortisugo*, 222 F.3d 99, 112 n. 4 (2d Cir. 2000), and certainly does not justify reconsideration under Rule 59(e) or Local Civil Rule 6.3.[1]

Defendant also argues in its motion that the Court should not have relied on the Seventh Circuit's decision in *Lumbermens Mutual Casualty Co. v. Broadspire Management Services Inc.*, 623 F.3d 476 (7th Cir. 2010), because that case is factually distinguishable.  Specifically, the question in *Lumbermens* was not which of the two arbitrators (one of which was an accounting firm) named in the contract should decide the parties' dispute, but rather whether the accounting

---

[1]     Even if the Court were to consider Defendant's newfound argument, it would not call for reconsideration.  Although the presence of a broad arbitration clause such as the one here is generally evidence of the parties' intent for the arbitrator to decide the question of arbitrability, the presence of multiple arbitration clauses (designating two different potential arbitrators) creates ambiguity.  *See Katz v. Feinberg*, 290 F.3d 95, 96-97 (2d Cir. 2002) (per curiam).  Accordingly, the parties' agreement does not "clear[ly] and unmistakabl[y]" delegate the question of arbitrability to the ICC.  *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

firm or *the court* should decide it.  (Def.'s Reconsideration Mem. 5-6).  In its Opinion and Order, however, the Court expressly considered that supposedly "crucial distinction" (*id.* at 6), and found it to be "immaterial" (Opinion and Order (Docket No. 40) 9 n.4).  It is well established that "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  Because that is exactly what Defendant is seeking to do here, the motion for reconsideration is DENIED.

    SO ORDERED.

Dated: November 20, 2014
       New York, New York

JESSE M. FURMAN
United States District Judge